IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS KANE, | § | |
| | § | |
| Defendant Below- | § | No. 331, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1404017339 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 15, 2015
Decided: July 21, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 21st day of July 2015, it appears to the Court that:

(1)    On June 26, 2015, the Court received appellant Thomas Kane's *pro se* notice of appeal from a Superior Court sentencing order, dated March 20, 2015, which sentenced him on multiple criminal charges following a jury trial.  Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before April 20, 2015.

(2)    The Clerk issued a notice under Supreme Court Rule 29(b) directing Kane to show cause why the appeal should not be dismissed as

untimely filed.[1] Kane filed a response to the notice to show cause on July 9, 2015. He asserts that his appeal should not be dismissed because he only became aware in June that his trial counsel was obligated to file the appeal on his behalf, and his counsel did not do so.

(3) The Court directed Kane's trial counsel to file a response. Among other things, counsel indicates that he informed Kane that he had 30 days to appeal and that Kane needed to inform counsel before the expiration of 30 days if he wanted counsel to file an appeal. Counsel did not receive any communication from Kane indicating that an appeal should be filed. The State filed a reply to counsel's response, asserting that the appeal must be dismissed because it was not filed within 30 days and because Kane's untimely filing is not attributable to court personnel.

(4) The State's position is correct. Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]

---

[1] Del. Supr. Ct. R. 6(a)(ii).
[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).

Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, the appeal cannot be considered.[5]

(5) Defense counsel is not court personnel.[6] Consequently, even assuming that Kane timely informed defense counsel of his wish to appeal following trial (which defense counsel disputes), this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. To the extent Kane asserts ineffective assistance of trial counsel, such a claim must be pursued through a motion for postconviction relief under Superior Court Criminal Rule 61.[7] Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[6]*Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).

[7]*Id.*